# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALEJANDRO G. BERNAL-PASCUAL,

        Petitioner,

v.                                                    Case No.    05-C-0833

MAUREEN SOBLEWSI, Jail Administrator and
Agent for Secretary of Homeland Security,

        Respondent.

# DECISION AND ORDER

In November 1991, Alejandro Bernal-Pascual ("Bernal-Pascual") was arrested and subsequently sentenced to a term of imprisonment of fifteen years for violating Section 922(g)(1) of Title 18 of the United States Code. Though he has served that sentence, he is currently being held at the Dodge County Detention Facility in Juneau, Wisconsin, pursuant to a deportation detainer. On August 5, 2005, he filed his petition pursuant to 28 U.S.C. § 2241, which the Court now considers.

Bernal-Pascual's petition explains that he became a legal resident of the United States in 1965, when he was eleven years old. In both 1978 and 1980, he pled guilty in the Illinois state courts to burglary offenses. In 1981, the Immigration and Naturalization Service–since reorganized under the Department of Homeland Security and diversified among various agencies including United States Immigration and Customs Enforcement (ICE)–initiated

deportation proceedings. On January 22, 1991, the Board of Immigration Appeals affirmed an Immigration Judge's ruling that Bernal-Pascual was deportable. Subsequently, in November of that same year, Bernal-Pascual was arrested in Chicago on a gun possession charge. A federal prosecution followed, resulting in his conviction and the imposition of a fifteen-year sentence.

In a document dated June 6, 1994, the Immigration and Naturalization service issued an "Immigration Detainer" to the Federal Correctional Institution in Oxford, Wisconsin, where Bernal-Pascual was presumably being kept.[1] That detainer both indicated that Bernal-Pascual's deportation from the United States had been ordered and requested notice from the correctional facility at least 30 days prior to his release.

In his present petition, Bernal-Pascual, in a footnote, states that:

Petitioner asserts that during his federal prison term (Nov. 16, 1991 – June 2005) the Federal Bureau of Prisons was acting as an agent and custodian of INS and a custodian of him. Likewise now, (from June 20, 2005 to present) Maureen Soblewski, jail administrator of the Dodge County Detention Facility, is an agent and custodian for ICE as a result of detaining petitioner for said agency.

(Petition for Immediate Release ["Petition"] at 4, n.3.) The dates provided in the above statement are somewhat confusing insofar as Bernal-Pascual states that he was *arrested* by the Chicago Police on November 16, 1991 and, only after "refusing to plead guilty" in state court, was his federal prosecution initiated. (*See* Petition at 2.) Thus, it is not clear that he

---

[1] The Court surmises that Bernal-Pascual was, at some prior time, held at the Oxford Federal Correctional Institution before being placed at the Dodge County Detention Facility.

2

has been in federal custody since November 1991. At any rate, the petition clearly represents that Bernal-Pascual has completed the federal sentence resulting from his criminal conviction and is currently being held pending his ordered deportation.

Bernal-Pascual claims that, though he previously had been serving time for his federal conviction, he also was functionally in the custody of the ICE pursuant to the previously referenced detainer and/or order of deportation. Bernal-Pascual recognizes that the ICE has not exercised physical custody over him–at least not until June 2005, but maintains that he has been in custody for purposes of satisfying the requirement under 28 U.S.C. § 2241(C)(1) that petitioners must be "in custody under . . . the authority of the United States . . . ." 28 U.S.C. § 2241(c)(1).

Working under the assumption that he is "in custody" for purposes of habeas review, Bernal-Pascual next claims that he unlawfully has been held beyond the time permitted for removal under 8 U.S.C. § 1231(a)(6). It is this purported unlawful detention that is at the center Bernal-Pascual's petition.

The threshold issue of Bernal-Pascual's custody is readily crossed. Based on the information contained in his petition, Bernal-Pascual is *currently* in custody pursuant to the detainer of the ICE. His petition states that he has completed his federal sentence and is currently being held for deportation and has been held accordingly since June 20, 2005. The Court, for the present, will not address whether Bernal-Pascual's entire federal sentence also constituted ICE custody.

3

Since Bernal-Pascual is "in custody" for purposes of § 2241, the salient question is whether the ICE has run afoul of the prescriptions in 8 U.S.C. § 1231(a)(6). Bernal-Pascual argues that the ICE failed to act on its deportation order even though approximately eleven months lapsed between the issuance of the order of the Board of Immigration Appeals and Bernal-Pascual's arrest in November of 1991. The petition implies that this time frame, in additional to his current detention subsequent to the completion of his federal sentence, has exceeded those permissible time frames established by statute and case law.

Section 1231(a)(1)(A) of Title 8 of the United States Code requires the Secretary of Homeland Security to remove aliens, who have been determined to be inadmissible and ordered removed, within a period of 90 days. Section 1231(a)(6) allows for detention of an alien beyond the removal period. In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court addressed the constitutionality of detention beyond the 90-day removal period prescribed by § 1231(a)(1)(A). The Court held that if, after six months of detention, "an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing."[2] *Zadvydas*, 533 U.S. at 701.

---

[2]Thus, the plain wording of *Zadvydas* requires an initial showing by the petitioner that he has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . ." *Zadvydas*, 533 U.S. at 701. The government must respond only once that showing is made. *Id*. The Court has examined Bernal-Pascual's petition to see if he has provided the requisite showing that he has "good reason" to believe his removal is not likely to happen in the foreseeable future. Bernal-Pascual has satisfied his burden by stating that his country of birth, "Castro's Communist Cuba," will not repatriate him in the near future. Though this contention may provide "good reason" for Bernal-Pascual's belief, the Respondent may attempt to rebut that claim.

4

Bernal-Pascual relies on the post-removal-period six-month time frame cited in *Zadvydas*. However, Bernal-Pascual is mistaken if he believes that *Zadvydas* made any detention longer than six months *per se* unconstitutional. The Court further explained that "[t]his 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

Based on the information provided by Bernal-Pascual, it seems likely that the 90-day removal period has lapsed and that his current detention falls within the purview of § 1231(a)(6) and *Zadvydas*. However, the Court does not know whether attempts have been made to deport Bernal-Pascual, or, if so, when and how many. Thus, the Court requires more information to properly apply the relevant statutory provisions and case law to the facts of this petition. To this end, the Respondent will be required to show cause why Bernal-Pascual's request for the writ should not be granted and to proffer any facts or legal arguments that might further this Court's examination of the instant petition.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

In accordance with 28 U.S.C § 2243, the Respondent is ordered to show cause why Bernal-Pascual's petition for a writ of habeas corpus should not issue and to make a return certifying the true cause of Bernal-Pascual's detention. When making its return, the Respondent shall also provide the Court with a memorandum setting forth any facts or legal analysis responsive to the pending petition. The return and supporting memorandum must be received by the Court no later than October 31, 2005.

To expedite the resolution of this action and, insofar as the Department of Homeland Security is implicated in the instant petition, a copy of this decision and order shall be sent to the United States Attorney for the Eastern District of Wisconsin.

Dated at Milwaukee, Wisconsin this 21st day of October, 2005.

        **BY THE COURT**

        s/ Rudolph T. Randa
        **Hon. Rudolph T. Randa**
        **Chief Judge**