# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALEJANDRO G. BERNAL-PASCUAL,

        Petitioner,

v.                                       Case No.    05-C-0833

MAUREEN SOBLEWSKI, Jail Administrator and
Agent for Secretary of Homeland Security,

        Respondent.

# DECISION AND ORDER

In November 1991, Alejandro Bernal-Pascual ("Bernal-Pascual") was arrested and subsequently sentenced to a term of imprisonment of fifteen years for violating Section 922(g)(1) of Title 18 of the United States Code. On August 5, 2005, he filed his petition pursuant to 28 U.S.C. § 2241, explaining that, though he had served his criminal sentence, he was currently being unlawfully held at the Dodge County Detention Facility in Juneau, Wisconsin, pursuant to a deportation detainer.

In an Order dated October 21, 2005, the Court found that Bernal-Pascual was currently in the custody of United States Immigration and Customs Enforcement for purposes of 28 U.S.C. § 2241(c)(1). The Court next analyzed whether he was being unlawfully held beyond the time permitted for removal under 8 U.S.C. § 1231(a)(6).

Bernal-Pascual's petition suggested that he had been held longer than the period of time permitted under Section 1231(a)(6) as construed in *Zadvydas v. Davis*, 533 U.S. 678 (2001). However, the Court required more information to assess the merits of the petition, and, thus, ordered the Respondent to show cause why Bernal-Pascual's request for the writ should not be granted. Specifically, the Respondent was required to make a return certifying the true cause of Bernal-Pascual's detention and to proffer a supporting brief setting forth any facts or legal arguments that might illuminate the Court's analysis. A copy of the Court's decision and order was also forwarded to the United States Attorney for the Eastern District of Wisconsin.

On October 31, 2005, the Department of Homeland Security ("DHS") responded to the Court's prior order in a three-page response. Most significantly, that response contains a copy of a "Release Notification," dated October 27, 2005, sent to Bernal-Pascual and stating that "[u]pon review of your case, U.S. Immigration and Customs Enforcement (ICE) has concluded that you may be released from ICE custody pending your removal from the United States. This release does not affect your removal order and does not constitute an admission to the United States." (Department of Homeland Security's Resp. to Petitioner's Section 2241 Mot. Ex.3.)

2

Also on October 31, 2005, the Court received information from the Dodge County Detention Facility stating that Bernal-Pascual had been released from custody as of October 28, 2005. (*See* Response Ex. 2.)[1]

Based on the foregoing, Bernal-Pascual has been released from custody and, therefore, his request for relief has been rendered moot.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Bernal-Pascual's Petition for Immediate Release is **DISMISSED** as moot.

A copy of this order **SHALL** be mailed to Bernal-Pascual both at Dodge County Detention Facility in Juneau, Wisconsin, and the residential address identified on the Certificate of Service filed by the Department of Homeland Security on October 31, 2005.

Dated at Milwaukee, Wisconsin this 31st day of October, 2005.

                          **BY THE COURT**

                          s/ Rudolph T. Randa
                          **Hon. Rudolph T. Randa**
                          **Chief Judge**

---

[1] Though the Court does not allow filing by facsimile, the response of Maureen Soblewski was faxed to the Court on October 31, 2005. The cover letter to that transmission explains that Soblewski understood that the U.S. Attorney's Office would respond to the Court's order on her behalf. The Court considers the substance of Soblewski's response as an addendum to the response of the DHS.

3